The PEOPLE of the State of Colorado, Appellee, In the Interest of S.T., A.T. and B.J.T., Children,

Upon the Petition of O.R., Petitioner,

and Concerning

L.T., Respondent-Appellant,

and

D.T., Respondent.

No. 82CA0602.

Colorado Court of Appeals, Div. III.

Oct. 20, 1983.

Rehearing Denied Nov. 23, 1983.

Certiorari Denied April 2, 1984.

Max P. Zall, City Atty., Clarence O. Bakken, Asst. City Atty., Denver, for appellee.

Jeffery A. Adler, Lakewood, guardian ad litem.

Law Offices of Philip Burton Green, Philip Burton Green, Mary Josefiak, Denver, for respondent-appellant.

TURSI, Judge.

Respondent L.T. (mother) appeals from an order of the trial court terminating the parent-child legal relationship between her and her two children, A.T. and B.J.T. We affirm.

Although named in the petition, this appeal does not concern the legal status of S.T. The trial court had previously adjudicated A.T. and B.J.T. dependent and neglected pursuant to admission by mother. *See* § 19-1-103(20)(e), C.R.S.1973 (1978 Repl.Vol. 8). On appeal, mother contends that the treatment plan approved by the trial court was statutorily insufficient to justify an order terminating the parent-child legal relationship. *See* § 19-11-105(1)(b), C.R.S.1973 (1978 Repl.Vol. 8). In addition, mother contends that the trial court erred in not specifically addressing the best interest of the children by considering alternatives to termination such as long term foster care.

At the time of the termination hearing, A.T. and B.J.T. were 13 and 10 years old, respectively. In 1979, the Denver Department of Social Services (DDSS) placed A.T. and B.J.T. in a facility in Idaho Springs which provided treatment to emotionally disturbed children. During this time, mother remained a resident of the Denver area.

A treatment plan was submitted to the trial court by the DDSS. Such plans are devised both to guide the development of the parent-child relationship, and to provide a gauge for measuring the development of parenting skills.

■ Termination of parental rights is a decision of paramount gravity requiring strict compliance by the trial court with the appropriate statutory standards. *See People in Interest of M.C.C.*, 641 P.2d 306 (Colo.App.1982). In order to comply with due process of law, the grounds underlying the termination order must be established by clear and convincing evidence. *People in Interest of O.E.P.*, 654 P.2d 312 (Colo. 1982).

■ In its termination order, the trial court found that the termination plan was neither reasonably complied with by mother nor did it successfully remedy the dependency and neglect which gave rise to the motion for termination of the parent-child legal relationship. Mother, who did not have a motor vehicle, attended 17 of the 27 sessions scheduled in Idaho Springs pursuant to the treatment plan. The record contained expert testimony that mother's inconsistent attendance at the treatment sessions resulted in increased emotional disturbances in A.T. and B.J.T. Further, there was expert testimony that mother is incapable of providing the emotional support required by her children and therefore can never again assume their custody. Thus, the trial court's findings concerning the treatment plan are supported by evidence in the record.

■ Mother's second contention is that even if the statutory requirements have been satisfied, parental rights cannot be terminated unless in accordance with *In re People in Interest of M.M.*, 184 Colo. 298, 520 P.2d 128 (1974), the trial court first finds that under no reasonable circumstances can the welfare of the children be served by continuation of the relationship. Without ruling on the validity of this proposition, we note that, contrary to mother's contention, the trial court did address and eliminate, under a clear and convincing evidence standard, alternatives to a termination order.

Based on expert testimony, the trial court found that although A.T. and B.J.T. have strong family roots, even a reduced contact with mother would prove destructive. The trial court found that the chil-

dren required a sense of permanency, which could not be achieved by long term foster care, with or without parental visitation. The trial court specifically found that long term foster care creates a feeling of temporariness which would prove detrimental to the interests of the children. *See People in Interest of C.S.*, 200 Colo. 213, 613 P.2d 1304 (1980).

In ordering the termination of the parent-child legal relationship, the trial court applied a clear and convincing standard to competent evidence in finding that the approved treatment plan was neither complied with nor successful. In addition, the trial court found under a clear and convincing evidence standard that the permanency of adoption, even though objected to by A.T., was in the best interest of the children, and that long term foster care would prove detrimental. *See People in Interest of H.A.C. v. D.C.C.*, 198 Colo. 260, 599 P.2d 881 (1979).

Therefore, the trial court's order terminating the parent-child legal relationship between mother and her children, A.T. and B.J.T., is affirmed.

ENOCH, C.J., and BERMAN, J., concur.